# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **HARRY THOMAS,** | |
| Plaintiff, | |
| v. | Civil Action Number 2:15-cv-00019-AKK |
| **AMERICA'S SERVICING CO.,** et al., | |
| Defendants. | |

## MEMORDANDUM OPINION

Plaintiff Harry Thomas brings this case against Defendants Wells Fargo Bank, Wells Fargo Bank National Association, and American Servicing Company (collectively "the defendants") for events arising out of the foreclosure of a property formerly owned by Thomas' brother. Thomas brings claims of breach of contract (Count II), wrongful foreclosure (Count III), and promissory estoppel (Count IV) against the defendants.[1] The defendants move to dismiss the complaint, doc. 4, and the motion is fully briefed, docs. 5, 8, 11, and ripe for review. For the reasons stated below, the motion is due to be granted.

---

[1] Thomas' original complaint, which was filed before he retained legal counsel, also included a claim of adverse possession (Count I). However, Thomas stipulated in his response brief, doc. 8 at 2, and the court agrees, that this claim is due to be dismissed.

1

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. On a motion to dismiss under Rule 12(b)(6) the court accepts all factual allegations as true. *See, e.g., Grossman v. Nations Bank, N.A.*, F. 3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that presumption of truth. *Iqbal*, 556 U.S. at 664. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). A complaint states a facially plausible claim for relief

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

The following is an account of Thomas' allegations, accepted as true, that are pertinent to the resolution of the defendants' motion. In January 2006, Thomas' brother executed a mortgage on a property located at 6486 Cambridge Road, Pinson, Alabama ("the property"), in favor of New Century Mortgage. Docs. 5-1 at 1-15, 8 at 2. Thomas' brother conveyed a quitclaim deed to the property to Thomas in February 2006, doc. 5-2, and Thomas subsequently began making the mortgage payments for the property, doc. 5-1 at 1. Thomas' brother died in May 2007, and Thomas filed an heirship affidavit in October 2013, allegedly at New Century Mortgage's request. Doc. 5-1 at 1; doc. 5-3. New Century Mortgage assigned the mortgage to U.S. Bank National Association as a trustee in December 2013. Doc. 5-6 at 1; doc. 8-4. In June 2013, Thomas became aware that New Century

Mortgage did not recognize his assumption of the mortgage. Doc. 5-1 at 1. Thomas did not believe his payments had been credited, *id.*, and the mortgage eventually went into default, leading U.S. Bank to initiate foreclosure proceedings in May 2014. Doc. 5-6 at 2. The property was sold at an auction in June 2014 to U.S. Bank for a bid of $182,750. *Id.* Thomas filed this suit in state court in June 2014. Doc. 1-1 at 1. The defendants removed to this court in January 2015. Doc. 1.

**III. ANALYSIS**

Thomas brings claims of breach of contract, wrongful foreclosure, and promissory estoppel against the defendants. The court will address each claim in turn.

*A. Thomas Does Not Have Standing for his Breach of Contract Claim*

Thomas contends that the defendants breached the mortgage contract between his late brother and New Century Mortgage by improperly assigning the mortgage. However, "[i]t is well-settled law that one not a party to, or in privity with a contract, cannot sue for its breach." *Bernals, Inc. v. Kessler-Greystone, LLC*, 70 So. 3d 315, 319 (Ala. 2011) (internal citations and quotation marks omitted).

> "To recover as a third-party beneficiary . . . the claimant must show (1) that the contracting parties intended, *at the time the contract was created*, to bestow a *direct* benefit on a third party; (2) that the claimant was the intended beneficiary of the contract; and (3) that the contract was breached."

4

*Id.* (emphasis in original). "The intention of the contracting parties, as disclosed by the writing, if any, and the surrounding circumstances known to the parties, determines the rights of the alleged third-party beneficiary." *Swann v. Hunter*, 630 So. 2d 374, 376 (Ala. 1993). While Thomas has made the conclusory allegation that he is in privity to the contract, there are no facts in the complaint suggesting that either party to the mortgage intended it to directly benefit him at the time they executed the mortgage. Likewise, there is no language in the contract suggesting any such intent. Doc. 5-1.[2] Accordingly, Thomas' breach of contract claim is due to be dismissed.

### B. Thomas Has Failed to Plead a Claim of Wrongful Foreclosure

Thomas has alleged numerous procedural defects in the foreclosure of the property. However, his wrongful foreclosure claim fails because he does not allege any facts supporting this cause of action.

> Alabama has long recognized a cause of action for 'wrongful foreclosure' arising out of the exercise of a power-of-sale provision in a mortgage. However, it has defined such a claim as one where "a mortgagee uses the power of sale given under a mortgage *for a purpose other than to secure the debt owed by the mortgagor*."

---

[2] The mortgage was not made an exhibit to Thomas' complaint, but is referred to in the pleading and is central to it. "[T]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005), citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Thus, the court may consider the mortgage without converting this motion to dismiss to one for summary judgment.

5

*Jackson v. Wells Fargo Bank, N.A.*, 90 So. 3d 168, 171 (Ala. 2012) (emphasis added) (quoting *Reeves Cedarhurst Dev. Corp. v. First Am. Fed. Sav. & Loan Ass'n*, 607 So. 2d 180, 182 (Ala. 1992)). Thomas' complaint contains no facts suggesting that U.S. Bank foreclosed the property for any reason other than to collect on the defaulted mortgage, contending instead that New Century Mortgage improperly assigned the mortgage to U.S. Bank. This is beyond the scope of relief the court can provide for a claim of wrongful foreclosure. *See Jackson*, 90 So. 3d at 172 (defendant's failure to provide notice of mortgage acceleration supported a breach of contract claim, but not wrongful foreclosure claim). Accordingly, Thomas' wrongful foreclosure claim is due to be dismissed.

### C. Thomas' Promissory Estoppel Claim is Barred by the Statute of Frauds

Thomas argues that, by accepting the payments he made on the mortgage and allegedly entering into negotiations with him to resolve the mortgage's arrearage, the defendants were estopped from foreclosing on the property. However, Thomas has not demonstrated, or even alleged, the existence of a writing required to create a valid "agreement or commitment to lend money, delay or forebear repayment thereof, or . . . modify the provision of such an agreement or commitment . . ." as specifically required under Alabama's Statute of Frauds. Ala. Code 1975 § 8-9-2; *see Ott v. Quicken Loans, Inc.*, No. 2:13-CV-441-WHA, 2015 WL 248938 at *3 (M.D. Ala. 2015). The Supreme Court of Alabama has stated

that "[a]lthough allowing a plaintiff's reliance on nonfraudulent representations to abrogate the Statute of Frauds is a widespread phenomenon . . . Alabama has rejected this approach to date . . . ." *Regions Equip. Fin. Corp. v. M/V ACCU I*, Official No. 53396, No. CV-10-258-KD-M, 2010 WL 5376306 at *9 (S.D. Ala. 2010) (quoting *Durham v. Harbin*, 530 So. 2d 208, 213 (Ala. 1988)). As Thomas cannot satisfy the Statute of Frauds, even if he were to meet all the elements of promissory estoppel, his claim would still fail. Accordingly, it is due to be dismissed.

## IV. CONCLUSION

For the reasons explained above, the defendant's motion to dismiss is due to be granted. The court will enter a separate order consistent with this opinion.

**DONE** the 10th day of August, 2015.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE